## SUPREME COURT.

### HANNAH ALLEN agt. EBENEZER ALLEN.

Where the *title* of the action in the *complaint* does not correspond with that contained in the summons, the complaint is irregular, and will be set aside. But where the defendant in such case recognizes the title contained in the summons, and asks to have all the plaintiff's proceedings set aside for irregularity, and for such other and further relief, &c., with costs, he asks *too much.* He should have moved to set aside the *complaint* merely—he has recognized the title contained in the summons.

Where the title of the action is wrong in the summons, it can be amended only on application to the court.

Allen agt. Allen.

*Delaware Special Term, May,* 1857.

THE plaintiff, who is the defendant's wife, brought this action to obtain a divorce from the defendant for his alleged cruel and inhuman treatment of her. The summons was served without the complaint. A complaint was afterwards served in which the action was entitled "*Fanny* Allen *agt.* Ebenezer Allen."

The defendant now moves to set aside all proceedings in the action for irregularity, on the ground that the title of the action in the complaint differs from the title in the summons. He also asks for such other relief as the nature of the case shall require, and for costs of the motion.

The plaintiff's attorney presents an affidavit, showing that when the plaintiff told him her name, he understood her to say it was *Hannah* Allen, instead of *Fanny* Allen; but that before serving the complaint he ascertained her true name was *Fanny* Allen, and not Hannah Allen.

The plaintiff asks for leave to amend her summons.

TRACY & WALKER, *for plaintiff.*
N. W. DAVIS, *for defendant.*

BALCOM, Justice. The defendant asks for too much on this motion. He has acted as though the plaintiff's first name was Hannah, and therefore is not entitled to have the summons set aside. But the complaint was irregular, because the title of the action in it did not correspond with that contained in the summons, and it must be set aside. The defendant should only have moved to set aside the complaint, and then he would have been regular himself; but as he has asked for more than he is entitled to, he cannot have costs of his motion.

A summons is a process of the court, and it cannot be amended without leave of the court. The course which the plaintiff should have pursued was, to have moved the court for leave to amend the summons before she served her complaint. But she now makes a case on her part that entitles her to

amend the summons; and leave is given her to amend the summons within ten days, by striking out the name Hannah, and inserting Fanny; and she may have the like time in which to serve a new complaint.